```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RANJIT KADAN, ET AL                           CIVIL ACTION

VERSUS                                        NO: 08-695

AMERICAN CONTRACTORS                          SECTION: "J" (4)
INSURANCE COMPANY, ET AL
```

**ORDER AND REASONS**

Before the Court is defendants Phillips and Jordan Incorporated, American Contractors Insurance Company, and Dean Tanner Orr's ("the moving defendants") **Motion to Dismiss Pursuant to Rule 12(b)(1) (Rec. Doc. 17)**. Defendant GEICO General Insurance Company ("GEICO") is not a mover in this motion. This motion, which is opposed, was set for hearing on October 1, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the moving defendants' motion should be denied.

## Background Facts

This suit arises from an automobile accident in New Orleans, Louisiana on January 21, 2007, in which plaintiffs claim they

were rear ended by a vehicle owned by defendant Phillips and Jordan Incorporated ("P&J") and operated by its former employee, Dean Tanner Orr.  Suit was originally filed in state court and subsequently removed.

At the time of the accident P&J was a prime contractor for the United States Army Corps of Engineers ("USACE").  P&J was awarded a contract with the USACE for debris removal and site management following Hurricane Katrina.  P&J was to engage in this work from September 2005 until September 2007 in Orleans Parish, Louisiana.  The contract identified specific procedures that P&J was to follow in the course of the debris cleanup operation.  The USACE monitored P&J's work both in the field and through detailed daily reports of the type and amount of work that was completed.

### The Parties' Arguments

Defendants P&J, American Contractors Insurance Company, and Dean Tanner Orr have filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  The moving defendants argue that this Court lacks subject matter jurisdiction and should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) because P&J was a government contractor acting at the direction and under the supervision of the United States government and therefore is entitled to immunity from all of plaintiffs' claims.  The moving defendants assert the so-called

government contractor defense on the premise that they were acting as an arm of the government, not as an independent contractor, and thus can derive immunity from the government.

The plaintiffs, joined by defendant GEICO, have filed an opposition arguing that P&J was acting as an independent contractor at the time of the accident and therefore is not entitled to immunity in this suit.

### Discussion

A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute.  Fed. R. Civ. P. 12(b)(1).  The burden of establishing subject-matter jurisdiction falls squarely upon the plaintiff.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  <u>Robinson v. TCI/US West Commc'ns</u>, 117 F.3d 900, 904 (5th Cir. 1997).  Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations.  <u>Williamson v. Tucker</u>, 645 F.2d 404, 412-13 (5th Cir. 1981).

Defendants P&J, American Contractors Insurance Company, and

Dean Tanner Orr argue for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) based on the government contractor defense.  The government contractor defense is based on the doctrine of derivative immunity for private contractors first enunciated by the Supreme Court in Yearsley v. W.A. Ross Constr. Co., 309 U.S. 18 (1940) and later expanded in Boyle v. United Tech. Corp., 487 U.S. 500 (1988).   The concept of derivative immunity extends to private contractors the immunity traditionally afforded to the government when the government engages in a discretionary governmental function.  In re World Trade Center Disaster Site Litigation, 456 F. Supp. 2d 520, 560 (S.D.N.Y. 2006).  The Fifth Circuit has recognized that the purpose of derivative immunity "is to prevent the contractor from being held liable when the government is actually at fault." Trevino v. Gen. Dynamics Corp., 865 F.2d 1474, 1478 (5th Cir. 1989).  When the contractor's actions are not specifically approved by the government then the defense does not apply.  Id. at 1480.

The government contractor defense provides that contractors hired by the government cannot be held liable for performing their contracts in conformity with specifications established by the government, as long as the contracts are performed with care and without negligence.  Hercules, Inc. v. United States, 516 U.S. 417, 421-22 (1996); Boyle, 487 U.S. at 511-12.  In order to

4

invoke the defense, three elements must be proven: (1) the government approved reasonably precise specifications, (2) the government supervised and controlled the implementation of those specifications, and (3) the contractor was not aware of reasons not known to the government that would make the implementation of the specifications unsafe or unreasonable.  In re World Trade Center Disaster Site Litigation, 456 F. Supp. 2d at 563; see also Kerstetter v. Pac. Scientific Co., 210 F.3d 431, 435 (5th Cir. 2000).  Although the government contractor defense is most commonly asserted by military procurement contractors, courts have held that it is applicable to service contracts with the government.  See Boyle, 487 U.S. at 506; Richland-Lexington Airport Dist. v. Atlas Props., Inc., 854 F. Supp. 400, 421-22 (D.S.C 1994); Guillory v. Ree's Contract Serv., Inc., 872 F. Supp. 344, 364 (S.D. Miss. 1994).

   As discussed above, the government contractor defense provides derivative immunity to government contractors who are acting in accordance with specifications set by the federal government and who are under the government's supervision.  Since this immunity is derivative, it is a necessary prerequisite to the contractor obtaining immunity that the government be immune from liability had the government itself engaged in the action giving rise to the suit.  Put another way, the act in question must be one that falls within the discretionary function of the

5

government such that immunity would be necessary to preserve a "uniquely federal interest." See Boyle, 487 U.S. at 504-07. The case at bar presents no such interest. This case arose from a car accident which occurred when a vehicle owned by P&J and driven by its employee rear ended the plaintiffs on January 21, 2007 while the plaintiffs' car was sitting at a stop light. This rather ordinary car accident does not involve any unique federal interests or a discretionary decision by the government. The Federal Tort Claims Act provides that the United States may be held liable for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This Court has previously held in similar cases that the government can be liable when its employee acts negligently in regard to a car accident. See e.g. Fuller v. Hillyard, No. 00-2953, 2002 WL 10524, at *2 (E.D. La. Jan. 2, 2002) (Vance, J.)(holding the government liable for a car accident caused by a FEMA employee operating a government vehicle). This case is no different. At issue is a car accident for which the government would have no immunity if a government employee and government vehicle were involved. As a result, it is not possible for the moving defendants to derive

any immunity through the government contractor defense since no such immunity exists.  Additionally, the very purpose of the government contractor defense is to provide immunity for a contractor when it is actually the government who is at fault and would be liable if not for its immunity.  See Trevino, 865 F.2d at 1478.  There can be no argument in this case that the government is at fault for this car accident.  The government did not instruct P&J as part of its contractual relationship to cause a car accident with the plaintiffs.  The contract between P&J and the USACE related to debris removal and set out specific instructions for achieving that task.  The government provided no instructions and no supervision related to a car accident.  Accordingly,

**IT IS ORDERED** that defendants Phillips and Jordan Incorporated, American Contractors Insurance Company, and Dean Tanner Orr's **Motion to Dismiss Pursuant to Rule 12(b)(1) (Rec. Doc. 17)** is hereby **DENIED.**

New Orleans, Louisiana, this 4th day of December, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE